IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01024-REB-CBS

COLORADO BLUE RIBBON FOODS, LLC,
    Plaintiff,
v.

UNITED STATES DEPARTMENT OF AGRICULTURE, PACA Dispute Resolution Section PACA Branch, and
MRS. CONDIE'S SALAD COMPANY, INC.,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff Colorado Blue Ribbon Foods, LLC's ("Colorado Blue Ribbon") failure to appear at the Status Conference held on September 30, 2010 at 10:00 a.m., failure to file proof of timely service on Defendants, failure to appear through counsel, failure to prosecute this civil action, failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure, and failure to respond to the court's September 30, 2010 Order to Show Cause (doc. # 6). Pursuant to the Order of Reference dated May 11, 2010 (doc. # 2), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, . . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se*, Colorado Blue Ribbon filed its "Appeal to Set [Aside] Default Order" on May 5, 2010. (*See* doc. # 1). Colorado Blue Ribbon appears to be

1

challenging pursuant to 7 U.S.C. § 499g(c) the Default Order entered by the Office of the Secretary of the United States Department of Agriculture on April 9, 2010 in PACA Docket No. RD-10-090. (*See* doc. # 3).

A Status Conference was set on September 30, 2010 by a Minute Order dated September 13, 2010. (*See* doc. # 4). The court's records indicate that Colorado Blue Ribbon's copy of the Minute Order was not returned to the court as undeliverable. The court held the Status Conference on September 30, 2010 at 10:00 a.m. Colorado Blue Ribbon did not appear and did not contact the court to explain its failure to appear.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, "[i]n any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences . . . ." Fed. R. Civ. P. 16(a). "On motion or on its own, the court may issue any just orders, including those authorized by in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . ." Fed. R. Civ. P. 16(f). Based on Colorado Blue Ribbon's noncompliance, this civil action may be dismissed with or without prejudice. *See Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."). *See also Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without

prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Defendants have been named in this case since its initial filing on May 5, 2010. As of this date, more than 170 days has passed since the filing of the case and the record before the court indicates that Defendants have not been served with a summons or complaint in this action. To date, neither Defendant has filed with the Clerk of the Court a signed waiver of service or appeared in the case. Colorado Blue Ribbon has not requested or shown good cause for an extension of time to serve Defendants.

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is

therefore a prerequisite to proceeding further in a case."). Sufficient time has been afforded to serve Defendants such that Defendants may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado,

> a corporation, partnership or other legal entity . . . cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

D.C.COLO.LCivR 83.3 D. To date, counsel has not entered an appearance on behalf of Colorado Blue Ribbon. In the absence of a prompt appearance of counsel on behalf of Colorado Blue Ribbon, "pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LCivR 83.3 D.

On September 30, 2010, the court issued an order directing Colorado Blue Ribbon to show cause on or before October 15, 2010 why this civil action should not be dismissed for failure to appear at the Status Conference held on September 30, 2010 at 10:00 a.m., failure to timely serve the Defendants, failure to appear through counsel, failure to prosecute this civil action, and failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure. (*See* doc. # 6). *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil

Procedure, or any court order."). *See also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute). The court advised Colorado Blue Ribbon that failure to adequately respond to the Order to Show Cause on or before October 15, 2010 may result in dismissal of this civil action without further notice. (*See* doc. # 6). As of this date Colorado Blue Ribbon has not responded to the court's Order to Show Cause. The court's records do not reflect that Colorado Blue Ribbon's copy of the Order Show Cause was returned as undeliverable. (*See* doc. # 6 Notice of mailing). Colorado Blue Ribbon has filed nothing in this case since the filing of its "Appeal to Set [Aside] Default Order" on May 5, 2010. "If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice." D.C. COLO. LCivR 41.1.

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Colorado Blue Ribbon has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* attempt to identify and apply any limitations periods or tolling provisions applicable to Colorado Blue Ribbon's apparent challenge

5

pursuant to 7 U.S.C. § 499g(c).

Nevertheless, if Colorado Blue Ribbon's action were barred by an expired statute of limitations, before a dismissal with prejudice, the district court should ordinarily consider certain criteria. *AdvantEdge Business Group*, 552 F.3d at 1236 n. 2 ("The non-exhaustive list of factors is: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.") (internal quotation marks and citations omitted).  The court determines that, first, Colorado Blue Ribbon's delay in prosecuting this case may cause actual prejudice to the Defendants' ability to defend the case.  Second, Colorado Blue Ribbon's conduct in this case has interfered with the judicial process in that the court has set a conference at which Colorado Blue Ribbon did not appear and issued orders to advance the case to which Colorado Blue Ribbon has not responded.  Colorado Blue Ribbon's conduct has impaired the court's ability to ensure compliance with the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Colorado, and the court's orders.  "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, . . .' " *EBI Securities Corp*, 219 F.R.D. 642, 648 (D. Colo. 2004) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  Third, the record before the court supports the court's conclusion that Colorado Blue Ribbon alone is responsible for its inaction in this case.  Fourth, the court has warned Colorado Blue Ribbon regarding the risk of noncompliance with the court's orders, the Local Rules for the District Court for the District of Colorado, and the Federal Rules of Civil

6

Procedure. (*See* doc. # 6). Further, "[t]he Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves." *Hal Commodities Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). Finally, there is no lesser sanction that is appropriate under the circumstances. The court's orders have not produced compliance by Colorado Blue Ribbon. It would be pointless to impose any lesser sanction where Colorado Blue Ribbon has repeatedly disregarded the court's rules and orders and failed to prosecute this case. Colorado Blue Ribbon has persistently failed to advance this case, failed to abide by the orders of the court, and failed to prosecute.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to appear at the Status Conference held on September 30, 2010 at 10:00 a.m., failure to timely serve the Defendants, failure to appear through counsel, failure to prosecute this civil action, failure to comply with court orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to respond to the court's September 30, 2010 Order to Show Cause.

DATED at Denver, Colorado, this 28th day of October, 2010.

                              BY THE COURT:

                              <u>   s/Craig B. Shaffer      </u>
                              United States Magistrate Judge